UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BONIFACIO G. MONDRAGON and | ) | Chapter 7 |
| MARIA G. MONDRAGON, | ) | Case No. 13-11292 |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| CHRISTOPHER FRANCO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. |
| vs. | ) | |
| | ) | |
| BONIFACIO G. MONDRAGON | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES CHRISTOPHER FRANCO, individually Plaintiff (hereinafter, "Plaintiff"), by his attorneys, Katz, Huntoon & Fieweger, P.C., and for his Complaint against BONIFACIO G. MONDRAGON (hereinafter, "Defendant") under 11 U.S.C. §523 (c) and Federal Rule of Bankruptcy Procedure 4007, state:

## COMMON ALLEGATIONS

1. That BONIFACIO G. MONDRAGON, Defendant, filed a Petition under Chapter 7, Title 11 United States Code on March 20, 2013.

2. That all events relevant to this action occurred in the State of Illinois.

1

3. That Plaintiff Christopher Franco is and was a resident of Rock Island, Rock Island County, State of Illinois at all times relevant to this action.

5. That Marcela Velazquez, at all times relevant to this action, was a loan preparation agent for Countrywide at Branch # 0000374, located at 1837 Larkin Avenue, Elgin, Illinois 60123.

6. That Countrywide made a mortgage loan in the amount of $125,000.00 in the name of Plaintiff Christopher Franco on or around January 3, 2006.

7. That Countrywide designated the loan as "Loan Number 112361208."

8. That the property on which the loan was made is commonly known as:

> 423 E. Chicago St., Unit H
>
> Elgin, Illinois 60120

9. That the person applying for and receiving the benefit of the loan was not the Plaintiff, but was in fact Defendant Bonifacio Mondragon of Elgin, Illinois.

10. That the Plaintiff did not receive any communication or information of any type from Countrywide that a mortgage loan was being made in his name.

11. That the Plaintiff did not receive any benefit whatsoever from the mortgage loan, economic or otherwise.

12. That the following fraudulent misstatements were made on the loan application and that they were readily verifiable:

2

    a. Plaintiff's address;

    b. Plaintiff's place of employment;

    c. Plaintiff's income;

    d. Plaintiff's assets;

    e. Plaintiff's gender;

    f. Plaintiff's date of birth;

    g. Plaintiff's intention to live in the property as his principal address;

    h. Plaintiff's landlord was "Greg Mondragon."

13. That Plaintiff was a minor at the time of the transaction.

14. That on the date Countrywide requested Plaintiff's credit reports, Plaintiff's credit scores were:

    Experian: 0

    Equifiax: 678

    TransUnion: 735

15. That as of August 19, 2011, Plaintiff's credit scores were:

    Experian: 580

    Equifax: 566

    TransUnion: 572

16. That the subject mortgage loan was foreclosed upon by Defendant Bank of America in December 2009 for Defendant Mondragon's failure to make any of the required loan payments.

17. That Defendant Bonifacio Mondragon intentionally stole the Plaintiff's identity and defrauded Plaintiff by acquiring a mortgage loan using Plaintiff's identity.

18. That Defendant Mondragon, using Plaintiff's name on the loan application, falsely stated Plaintiff's employment information, current and former addresses, income information, intention to live on the property, and even Plaintiff's gender.

19. Defendant Mondragon also used Plaintiff's social security number and a fabricated date of birth on the loan application.

20. Defendant Mondragon listed no bank accounts, only a separate asset listed as "cash" in the amount of $500. But, he indicated elsewhere in the loan application that the down payment would come from "Savings/Checking."

21. That Defendant Mondragon's fraudulent acts directly and proximately caused the Plaintiff's injuries by acquiring a fraudulent mortgage loan that he knew or should have known would damage the Plaintiff's credit rating and that the Plaintiff would have to expend time, money and energy to restore his good credit, all to Plaintiff damage in excess of $50,000.

22. That Defendant Mondragon's acts were intentionally and maliciously done to defraud and steal Plaintiff's identity, thereby entitling Plaintiff to recover punitive or exemplary damages in an amount not less than $50,000.

23. As a result of the allegations described above, Plaintiff filed a lawsuit in Rock Island County, Case Number 12 L 15 with a caption of CHRISTOPHER FRANCO v. BANK OF AMERICA, N.A., COUNTRYWIDE HOME LOANS, INC., MARCELA VELAZQUEZ, and BONIFACIO MONDRAGON and obtained a judgment on July 25, 2012 in the amount of $200,000.00, a true and correct copy of which is attached hereto as Exhibit 1.

### COUNT I

### 11 U.S.C. §523(a)(2)(A)

1-23. Plaintiff repeats and realleges paragraphs 1-23 of the Common Allegations as paragraphs 1-23 of Count 1 as though fully set forth herein.

24. By virtue of the conduct described above, Defendant obtained money by false pretenses, a false representation or actual fraud other than a statement respecting the debtor's or an insider's financial condition.

WHEREFORE, CHRISTOPHER FRANCO, Plaintiff, requests that this Court enter a judgment declaring as non-dischargeable the debt to Plaintiff, for Plaintiff's attorneys' fees (if allowed), for their costs, for pre-judgment interest, if allowed, and for such other and further relief as the Court may deem just and proper.

## COUNT II

## 11 U.S.C. §523(a)(4)

1-23.  Plaintiff repeats and realleges paragraphs 1-23 of the Common Allegations as paragraphs 1-23 of Count 1 as though fully set forth herein.

24.  By virtue of the conduct described above, Defendant obtained property and defrauded the Plaintiff, embezzled funds from the Plaintiff, obtained funds by larceny and/or obtained funds by fraud or defalcation while acting in a fiduciary capacity.

WHEREFORE, CHRISTOPHER FRANCO, Plaintiff, requests that this Court enter a judgment declaring as non-dischargeable the debt to Plaintiff, for Plaintiff's attorneys' fees (if allowed), for their costs, for pre-judgment interest, if allowed, and for such other and further relief as the Court may deem just and proper.

## COUNT III

### 11 U.S.C. §523(a)(6)

1-23. Plaintiff repeats and realleges paragraphs 1-23 of the Common Allegations as paragraphs 1-23 of Count 1 as though fully set forth herein.

24. By virtue of the conduct described above Defendant has caused willful and malicious injury to the Plaintiff or to the Plaintiff property.

WHEREFORE, CHRISTOPHER FRANCO, Plaintiff, requests that this Court enter a judgment declaring as non-dischargeable the debt to Plaintiff, for Plaintiff's attorneys' fees (if allowed), for their costs, for pre-judgment interest, if allowed, and for such other and further relief as the Court may deem just and proper.

CHRISTOPHER FRANCO, Plaintiff,

By: _____
Dale G. Haake (03124381)

Katz, Huntoon & Fieweger, P.C.
Attorneys for Plaintiff
1000 36th Avenue
Moline, IL 61265
Phone: 309/797-3000
Fax: 309/797-3330
Email: dhaake@katzlawfirm.com
S:\DGH\PLEAD\16949-1.C.Franco.Adv.Complaint.523.docx

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS
GENERAL DIVISION

| | |
|---|---|
| CHRISTOPHER FRANCO, | ) |
| Plaintiff, | ) |
| vs. | ) No. 12 L 15 |
| BANK OF AMERICA, N.A., COUNTRYWIDE HOME LOANS, INC., MARCELA VELAZQUEZ, and BONIFACIO MONDRAGON, | ) |
| Defendants. | ) |

FILED in the CIRCUIT COURT
OF ROCK ISLAND COUNTY
GENERAL DIVISION

JUL 24 2012

Clerk of the Circuit Court

## JUDGMENT ORDER

This cause coming on for hearing on proof of damages after entry of default judgment against the defendants Bonifacio Mondragon and Marcela Velazquez, and the court having reviewed the complaint, having heard the testimony of the plaintiff and being fully advised in the premises, hereby enters judgment in favor of the plaintiff, Christopher Franco and against the defendants Bonifacio Mondragon and Marcela Velazquez, jointly and severally in the amount of $150,000 compensatory damages and $50,000 in punitive damages plus court costs.

Execution may issue.

Entered this 24th day of July, 2012.

_____
JUDGE

This Order was prepared by:
Stephen T. Fieweger
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309-797-3000
Fax: 309-797-2167
s:\wp\worddoc\16949001.05Judgment Order



EXHIBIT 1